**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 09:35 AM June 27, 2014**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| MICHAEL SCOTT SWARTZENTRUBER, | ) | CASE NO. 13-61147 |
| | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtor. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

On May 7, 2014, Debtor filed a motion for contempt against creditor David W. Pry seeking sanctions under 11 U.S.C. § 362(k). The court held a hearing on June 25, 2014. Nicole L. Rohr, counsel for Debtor, and Mr. Pry, pro se, participated in the hearing. Following the presentation of arguments, the court took the matter under advisement. The following constitutes the court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the order of reference, General Order 2012-7, dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

## FACTS

Debtor filed a chapter 13 bankruptcy petition on May 3, 2013. David and Nancy Pry were included as creditors on Schedule F in the amount of $5,000.00, representing two prepetition personal loans, in the amounts of $2,000.00 and $3,000.00, made to Debtor, their ex-son-in-law. The petition incorrectly identifies their address as 3194 Bowmont Avenue, Massillon, Ohio 44646. The correct address is 3194 Beaumont Ave., N.W., Massillon, 44647. The Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines ("Notice") was issued on May 6, 2013 and served via BNC, the court's notice and service provider, on May 8, 2013 to the incorrect address.

According to Mr. Pry, he did not receive the Notice. He learned of the bankruptcy in August 2013 after Debtor filed a notice of bankruptcy in the small claims lawsuit filed by Mr. Pry in July 2013. Upon receipt of that notice, Mr. Pry clearly had knowledge of Debtor's bankruptcy case. On March 25, 2014, Mr. Pry filed a second small claims suit in Massillon Municipal Court. He alleges he did so because he had not heard anything from the bankruptcy court. He also contends that he never received the second page of the Notice and had no knowledge of what he was allowed, or not allowed to do, in the face of the bankruptcy.

## DISCUSSION

A bankruptcy petition operates to stay "the commencement . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. 362(a)(1). "The stay provisions of section 362 are automatic and self-operating and those who have knowledge of the pendency of a bankruptcy action and stay are bound to honor the stay unless and until it is properly lifted." Hatcher v. Purdy, 2014 WL 1319956, * 2 (W.D. Ky. 2014) (slip copy) (citing NLT Computer Servs. Corp. v. Capital Computer Sys., Inc., 755 F.2d 1253, 1258 (6th Cir. 1985)). Section 362(k) provides that a person injured by a "willful" violation of this automatic stay "shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." A damage award for a stay violation is premised on proof, by a preponderance of evidence, of three elements: "(1) the actions taken were in violation of the automatic stay; (2) the violations was willful; and (3) the violations caused actual damages." In re Collett, 2014 WL 2111309, * 4 (B.A.P. 6th Cir. 2014) (slip copy) (citations omitted).

Debtor is seeking damages related to the filing of the two small claims cases. However, Debtor failed to prove that the first lawsuit was filed with knowledge of the automatic stay. Mr. Pry indicates he did not receive the Notice. This is completely plausible considering the street name is misspelled and the zip code is wrong on the address used to serve the Notice. However, Mr. Pry did have actual notice of the bankruptcy as of August 2013 when Debtor filed a notice of bankruptcy in the first small claims case. Consequently, filing the second small claims suit was a violation of the stay.

2

The fact that Mr. Pry did not have the second page of the Notice is immaterial. All that is necessary is proof that Mr. Pry had knowledge of the bankruptcy: "the notice of the debtor's bankruptcy 'does not need to be formal, so long as the facts would cause a reasonably prudent person to make additional inquiry.'" In re Stewart, 499 B.R. 557, 571 (Bankr. E.D. Mich. 2013) (citing In re Flack, 239 B.R. 155, 163 (Bankr. S.D. Ohio 1999)). 'A specific intent to violate the stay is not required, or even an awareness by the creditor that her conduct violates the stay. It is sufficient that the creditor knows of the bankruptcy and engages in deliberate conduct that, it so happens, is a violation of the stay.' Stewart, 499 B.R. at 571 (citing In re Daniels, 206 B.R. 444, 445 (Bankr. E.D. Mich. 1997)). Even though Mr. Pry did not specifically set out to violate the stay, he did. And since he knew there was a bankruptcy case at the time he did so, his actions constitute a willful violation of the stay. Collett, 2014 WL 2111309, * 4 (citing Transouth Fin. Corp. v. Sharon (In re Sharon), 234 B.R. 676, 687 (B.A.P. 6th Cir. 1999)). Debtor has therefore demonstrated the first two elements.

To obtain recovery, Debtor must also demonstrate that Mr. Pry's violation of the stay resulted in actual damages.

> A debtor must be able to demonstrate the actual amount of damages incurred with a reasonable degree of certainty and must support this claim with evidence. Perrin, 361 B.R. at 856, In re Pawlowicz, 337 B.R. 640, 645-46 (Bankr. N.D. Ohio 2005). A bare statement by the debtor that he incurred damages without some form of supporting evidence as to the amount will not satisfy the evidentiary requirements of § 362(k). Ball v. A.O. Smith Corp., 321 B.R. 100, 110 (N.D.N.Y. 2005).

In re Baer, 2012 WL 2368698, * 10 (B.A.P. 6th Cir. 2012) (unpublished). Debtor provided no support for his request for $500.00 in actual damages, so it must be denied. His request for attorney fees, however, is granted. It is clear that the violation resulted in the need to file the notice of bankruptcy in the second small claims case and also was the impetus for the present motion for contempt. The court takes judicial notice that Mr. Pry dismissed both small claims lawsuits after receiving the motion for contempt. The court therefore will award $225.00 to Debtor's counsel as compensation for her services related to the violation.

An order consistent with this opinion will be entered immediately.

#     #     #

**Service List:**

Nicole L. Rohr
Thrush & Rohr LLC
4410 22nd Street NW
Canton, OH 44708

Toby L Rosen, Trustee
400 Tuscarawas St W
Canton, OH 44702

Michael Scott Swartzentruber
5200 State Route 212 NW
Beach City, OH 44608

David W. Pry
3194 Beaumont Ave., N.W.
Massillon, OH   44647